# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDALL BONDS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0963** (BOR Appeal No. 2048303)
(Claim No. 2008020553)

**VICA COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randall Bonds, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Vica Coal Company, Inc., by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 27, 2013, in which the Board affirmed an April 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 24, 2010, decision which granted Mr. Bonds no permanent partial disability award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

 Mr. Bonds, a coal miner and roof bolter, developed occupational pneumoconiosis in the course of his employment and his claim was held compensable on a non-medical basis on February 1, 2008. The Occupational Pneumoconiosis Board determined on November 16, 2010, that Mr. Bonds had 0% impairment due to occupational pneumoconiosis. X-rays showed that the occupational pneumoconiosis had progressed slightly since a previous x-ray, but there was still no permanent impairment. The claims administrator thereafter granted Mr. Bonds no permanent partial disability award on December 24, 2010.

1

Donald Rasmussen, M.D., performed a pulmonary function analysis on August 23, 2011, and found slight irreversible obstructive ventilatory impairment. The total lung capacity and residual volume were normal. There was minimal resting hypoxia. The FEV1/FVC ratio was 71%. He assessed 10-15% impairment. He clarified in a letter that he made a handwritten adjustment to Mr. Bonds's partial pressure of oxygen value in order to adjust for altitude.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on August 1, 2012. John Willis, M.D., testified on behalf of the Board that x-rays taken in February of 2008 and November of 2010 show parenchymal opacities in all lung zones consistent with occupational pneumoconiosis. There was a slight progression between the two x-rays, but the progression was minimal and did not represent a loss in pulmonary function. Jack Kinder, M.D., also of the Occupational Pneumoconiosis Board, testified that Dr. Rasmussen's pulmonary test and blood gas study, after an adjustment was made for altitude, would indicate 10% impairment. Mahendra Patel, M.D., also of the Occupational Pneumoconiosis Board, concurred.

An Occupational Lung Center blood gas study dated September 24, 2012, showed 15% impairment at rest and normal results after exercise. Dr. Kinder, on behalf of the Occupational Pneumoconiosis Board, again testified in a hearing before the Office of Judges on March 20, 2013. He stated that Dr. Rasmussen's blood gas study appears to indicate 10% impairment. A blood gas study from the Occupational Lung Center found 15% impairment at rest but no impairment after exercise. Dr. Kinder asserted that Mr. Bonds's results were normal after exercise, which is indicative of no impairment for occupational pneumoconiosis. Because the blood gas improved after exercise, there is no impairment that can be attributed to occupational pneumoconiosis. Dr. Patel and Johnsey Leef, M.D., also of the Occupational Pneumoconiosis Board, concurred.

The Office of Judges affirmed the claims administrator's decision in its April 15, 2013, Order. The Office of Judges found that the evidence failed to establish that the Occupational Pneumoconiosis Board was clearly wrong to determine that Mr. Bonds had no impairment due to occupational pneumoconiosis. Dr. Kinder testified before the Office of Judges that a September 24, 2012, blood gas study reflected a resting impairment of 15%; however, after exercise, Mr. Bonds's blood gas was normal. Dr. Kinder stated that generally if one has impairment due to occupational pneumoconiosis, their impairment increases with exercise. Because Mr. Bonds's impairment disappeared after exercise, he concluded that there was no impairment that could be attributed to occupational pneumoconiosis. Drs. Patel and Leef concurred. The Office of Judges noted that Mr. Bonds argued that Dr. Rasmussen's August 23, 2011, findings reflect 10% impairment and that Drs. Willis, Kinder, and Patel all agreed that the study showed 10% impairment. However, the Office of Judges determined that Dr. Kinder's testimony clearly explained that the finding of no impairment due to occupational pneumoconiosis was based upon the most recent blood gas study of record.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its August 27, 2013, decision. On appeal, Mr. Bonds argues that

he is entitled to a 10% permanent partial disability award based upon Dr. Rasmussen's report. Vica Coal Company, Inc., asserts that the September 24, 2012, blood gas study shows that Mr. Bonds has no impairment due to occupational pneumoconiosis. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Though the record indicates that Mr. Bonds may have some pulmonary impairment, as Dr. Kinder asserted, it is not attributable to occupational pneumoconiosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3